



## U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*          *(203)821-3700*
*157 Church Street, 25th Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*        *www.justice.gov/usao/ct*

March 7, 2025

Cheryl E. Heffernan
Farver & Heffernan
2858 Old Dixwell Avenue
Hamden, CT 06518
203-230-2500
Fax 203-288-4702
ceh@farverandheffernan.com

    Re:   *United States v. Eduardo Cruz*
           Case No. 3:24-cr-134 (MPS)

Dear Attorney Heffernan:

This letter confirms the plea agreement between your client, Eduardo Cruz (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

**THE PLEA AND OFFENSE**

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to Counts One and Two of the Indictment. Count One charges Theft of Firearms from a Licensee, in violation of 18 U.S.C. §§ 922(u), 924(i), 924(l), and 924(m), and Section 2. Count Two charges Firearms Trafficking – Transfer, in violation of 18 U.S.C. §§ 933(a)(1) and 933(b), and Section 2.

Count One (Theft of Firearms from a Licensee)

The defendant understands that, to be guilty of Count One of the Indictment, the following essential elements must be satisfied:

    1. The defendant stole or unlawfully took or carried away a firearm from the premises of a federal firearms licensee;

*Attorney Heffernan, Esq.*
*Page 2*

    2. The firearm was taken from the licensee's business inventory; and
    3. The firearm, at some time, had traveled in interstate or foreign commerce.

Count Two (Firearms Trafficking – Transfer)

The defendant understands that, to be guilty of Count Two of the Indictment, the following essential elements must be satisfied:

1. The defendant knowingly shipped, transported, transferred, caused to be transported or disposed of a firearm to another person;
2. The shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce; and
3. The defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony.

**THE PENALTIES**

Imprisonment

Count One carries a maximum penalty of 10 years of imprisonment.

Count Two carries a maximum penalty of 15 years of imprisonment.

Supervised Release

In addition, with respect to each Count, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

Fine

Under 18 U.S.C. § 3571, with respect to each Count, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater; or (2) $250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction for a total of $200. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the

*Attorney Heffernan, Esq.*
*Page 3*

presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

### Restitution

In addition to the other penalties provided by law, the Court also must order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i), and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

### Forfeiture

Pursuant to 18 U.S.C. §§ 924(d) and 934, and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States his interest in the property described herein, which are the firearms charged in Counts One and Two of the Indictment:

a. Smith & Wesson, Model SW22 Victory, .22 caliber Pistol, SN# UEP4801;
b. Sig Sauer (Sig-Arms), 9mm Pistol, SN# 55B059453;
c. AMT – California (Arcadia Machine & Tool), Model Lightning, .22 caliber Pistol, SN# G13520;
d. Sig Sauer (Sig-Arms), 45mm Pistol, SN# 37A014681;
e. Ruger, Model LCP II, .22 caliber Pistol, SN# 381047329;
f. Sig Sauer (Sig-Arms), Model P220 Legion, 10mm Pistol, SN# 37F000059;
g. Sig Sauer (Sig-Arms), Model P226 Legion, 9mm Pistol, SN# 55E063510;
h. Sig Sauer (Sig-Arms), Model P226 Legion, 9mm Pistol, SN# 47E107744;
i. Smith & Wesson, Model 41, .22 caliber Pistol, SN# A572362;
j. Walther, Model PPK/S, .380 caliber Pistol, SN# S028288;
k. Sig Sauer (Sig-Arms), Model P938, 9mm Pistol, SN# 52G012948;
l. FNH USA, LLC, Model FNP45, 45mm Pistol, SN# 6lDMN01473;
m. Sig Sauer (Sig-Arms), Model P365, 9mm Pistol, SN# 66B730463;
n. Browning, Model Buck Mark, .22 caliber Pistol, SN# US515YY26456;
o. Sig Sauer (Sig-Arms), Model P320C, 9mm Pistol, SN# 58J487996;
p. Smith & Wesson, Model M&P 15-22, .22LR Rifle, SN# LBF8582;

*Attorney Heffernan, Esq.*
*Page 4*

   q. Kriss USA INC. (Transformational Defense Ind.), Model Kriss Vector CRB, 0.22LR Rifle, SN# 22VC004866;
   r. Kriss USA INC. (Transformational Defense Ind.), Model Kriss Vector CRB, 0.22LR Rifle, SN# 22VC0048145;
   s. Sig Sauer (Sig-Arms), Model P229 Legion, 9mm Pistol, SN# 55E064541;
   t. Smith & Wesson, Model SW22 Victory, .22 caliber Pistol, SN# UEL0343;
   u. Ruger, Model Mark II, .22 caliber Pistol, SN# 213-91266;

and all related magazines and ammunition seized with these firearms.

The defendant agrees to waive all interests in the firearms and ammunition described above ("the forfeitable assets"), in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal. The defendant agrees to consent to the entry of orders of forfeiture for each of the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of the plea of guilty, the defendant waives any rights or cause of action to claim that the defendant is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

### THE SENTENCING GUIDELINES

#### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

#### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the

*Attorney Heffernan, Esq.*
*Page 5*

defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offenses of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

*Attorney Heffernan, Esq.*
Page 6

      For Count One of the Indictment, the defendant's base offense level under U.S.S.G. § 2K2.1(a)(7) is 12. Four levels are added pursuant to U.S.S.G. § 2K2.1(b)(1)(B) because the offense involved 21 firearms. Four levels are added pursuant to U.S.S.G. § 3B1.1(a) because the defendant was an organizer or leader of the crime, which involved five or more participants. Two levels are added pursuant to U.S.S.G. § 3B1.4 because the defendant used a person less than eighteen years of age in committing the offense. Two levels are added pursuant to U.S.S.G. § 2K2.1(b)(4)(A) because the firearms were stolen. Finally, five levels are added pursuant to U.S.S.G. § 2K2.1(b)(5)(C)(i) because the defendant sold three firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully. Therefore, the total offense level for Count One is 29.

      For Count Two of the Indictment, the defendant's base offense level under U.S.S.G. § 2K2.1(a)(6) is 14 because he is convicted under 18 U.S.C. § 933. Two levels are added pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three firearms. Four levels are added pursuant to U.S.S.G. § 3B1.1(a) because the defendant was an organizer or leader of the crime, which involved five or more participants. Two levels are added pursuant to U.S.S.G. § 2K2.1(b)(4)(A) because the firearms were stolen. Five levels are added pursuant to U.S.S.G. § 2K2.1(b)(5)(C)(i) because the defendant sold three firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully. Finally, two levels are added pursuant to U.S.S.G. § 3B1.4 because the defendant used a person less than eighteen years of age in committing the offense. The total offense level for Count Two is 29.

      Pursuant to U.S.S.G. § 3D1.2(d), Counts One and Two are grouped together. The offense level of 29 applies because that is the highest offense level. *See* U.S.S.G. § 3D1.3(b). Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 26.

      Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate. The government reserves its right to argue that any such re-calculation is not a basis for any downward departure or variance and its right to oppose any request from the defendant for such a departure or variance.

      A total offense level of 26, assuming placement in Criminal History Category I, would result in a Guidelines range of 63 to 78 months of imprisonment (sentencing table) and a fine range of $25,000 to $250,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of one year to three years. U.S.S.G. § 5D1.2.

      The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. Moreover, the defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

*Attorney Heffernan, Esq.*
*Page 7*

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

*Attorney Heffernan, Esq.*
*Page 8*

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 78 months of imprisonment, three years of supervised release, a $200 special assessment, and a $250,000 fine, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which he had notice and an opportunity to object. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and

the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the theft of firearms from a licensee and firearms trafficking, which form the basis of the Indictment in this case. After sentencing, the Government will move to dismiss Count Three of the Indictment because the conduct underlying the dismissed count will have been taken into

*Attorney Heffernan, Esq.*
*Page 10*

account in determining the appropriate sentence. This provision does not apply to any conduct unknown to the Government at the time of the signing of this agreement.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

*Attorney Heffernan, Esq.*
*Page 10*

*Attorney Heffernan, Esq.*
*Page 11*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

MARC H. SILVERMAN
ACTING UNITED STATES ATTORNEY

_____
SEAN P. MAHARD
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachments or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachments with counsel and that he fully understands and accepts its terms.

_____        3-7-25
EDUARDO CRUZ                                           Date
The Defendant

I have thoroughly read, reviewed, and explained this plea agreement and its attachments to my client who advises me that he understands and accepts its terms.

_____        3/7/25
CHERYL E. HEFFERNAN, ESQ.                  Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Indictment:

### Count One (Theft of Firearms from a Licensee)

1. On or about March 15, 2024, the defendant stole, or unlawfully took, or carried away, or aided and abetted in the stealing, unlawfully taking, or carrying away, the following firearms from the premises of Statewide Pawn Shop, LLC, a federal firearms licensee, located in Salem, Connecticut:
   a. Smith & Wesson, Model SW22 Victory, .22 caliber Pistol, SN# UEP4801;
   b. Sig Sauer (Sig-Arms), 9mm Pistol, SN# 55B059453;
   c. AMT – California (Arcadia Machine & Tool), Model Lightning, .22 caliber Pistol, SN# G13520;
   d. Sig Sauer (Sig-Arms), 45mm Pistol, SN# 37A014681;
   e. Ruger, Model LCP II, .22 caliber Pistol, SN# 381047329;
   f. Sig Sauer (Sig-Arms), Model P220 Legion, 10mm Pistol, SN# 37F000059;
   g. Sig Sauer (Sig-Arms), Model P226 Legion, 9mm Pistol, SN# 55E063510;
   h. Sig Sauer (Sig-Arms), Model P226 Legion, 9mm Pistol, SN# 47E107744;
   i. Smith & Wesson, Model 41, .22 caliber Pistol, SN# A572362;
   j. Walther, Model PPK/S, .380 caliber Pistol, SN# S028288;
   k. Sig Sauer (Sig-Arms), Model P938, 9mm Pistol, SN# 52G012948;
   l. FNH USA, LLC, Model FNP45, 45mm Pistol, SN# 61DMN01473;
   m. Sig Sauer (Sig-Arms), Model P365, 9mm Pistol, SN# 66B730463;
   n. Browning, Model Buck Mark, .22 caliber Pistol, SN# US515YY26456;
   o. Sig Sauer (Sig-Arms), Model P320C, 9mm Pistol, SN# 58J487996;
   p. Smith & Wesson, Model M&P 15-22, .22LR Rifle, SN# LBF8582;
   q. Kriss USA INC. (Transformational Defense Ind.), Model Kriss Vector CRB, 0.22LR Rifle, SN# 22VC004866;
   r. Kriss USA INC. (Transformational Defense Ind.), Model Kriss Vector CRB, 0.22LR Rifle, SN# 22VC0048145;
   s. Sig Sauer (Sig-Arms), Model P229 Legion, 9mm Pistol, SN# 55E064541;
   t. Smith & Wesson, Model SW22 Victory, .22 caliber Pistol, SN# UEL0343; and
   u. Ruger, Model Mark II, .22 caliber Pistol, SN# 213-91266.
2. The firearms were stolen from Statewide Pawn Shop, LLC, in Salem, Connecticut, which is a federal firearms licensee with License Number #-##-02801. The firearms were a part of Statewide Pawn Shop's business inventory.
3. Each firearm had been shipped or transported in interstate or foreign commerce prior to their theft.

### Count Two (Firearms Trafficking – Transfer)

1. On March 15, 2024, the defendant knowingly transferred the following three firearms stolen from Statewide Pawn Shop to another person in Waterbury, Connecticut:
   a. Smith & Wesson, Model SW22 Victory, .22 caliber Pistol, SN# UEL0343;

    b. FNH USA, LLC, Model FNP45, 45mm Pistol, SN# 6lDMN01473; and
    c. Kriss USA INC. (Transformational Defense Ind.), Model Kriss Vector CRB, 0.22LR Rifle, SN# 22VC0048145.



2. The transfer of the three firearms was in or otherwise affecting interstate commerce; and
3. The defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearms by the recipient would constitute a felony because the firearms were stolen and the recipient advised that he was going to unlawfully transfer the firearms to others.

    This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

EDUARDO CRUZ
The Defendant

SEAN P. MAHARD
ASSISTANT UNITED STATES ATTORNEY

CHERYL E. HEFFERNAN, ESQ.
Attorney for the Defendant

*Attorney Heffernan, Esq.*
*Page 14*

### **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense.

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services.

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. Moreover, in the event of default, notwithstanding any installment schedule for the payment of restitution, the Court may order

*Attorney Heffernan, Esq.*
*Page 15*

payment of the entire amount of restitution due within 30 days after notification of the default, subject to the provisions of 18 U.S.C. §§ 3572(i) and 3613A.